IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JEREMY A. COOL, | ) |
| | ) |
| Petitioner | ) Case No. 1:19-cv-145 |
| | ) |
| v. | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| THE ATTORNEY GENERAL OF | ) |
| THE STATE OF PA, THE DISTRICT | ) MEMORANDUM OPINION |
| ATTORNEY OF ERIE COUNTY, and | ) ON AMENDED PETITION FOR WRIT OF |
| WARDEN, SCI SOMERSET, | ) HABEAS CORPUS [ECF No. 5] |
| | ) |
| Respondents | ) |

MEMORANDUM OPINION

Before the Court is an amended petition for a writ of habeas corpus filed by Jeremy A.

Cool pursuant to 28 U.S.C. § 2254. ECF No. 5. For the reasons that follow, the petition will be

denied.[1]

I.    Background

Cool is an inmate at the State Correctional Institution at Somerset, where he is serving a

sentence imposed by the Court of Common Pleas of Erie County following his convictions at a

jury trial of eleven offenses related to the sexual abuse of two minors, J. and A., including rape of

a child, involuntary deviate sexual intercourse ("IDSI"), and indecent assault. *Commonwealth v.

Cool*, Case No. CP-25-CR-0002709-2012 (Erie Cty. Com. Pl.).[2]  On July 17, 2013, Cool was

sentenced to an aggregate term of 22 to 44 years' imprisonment.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

[2] The criminal docket is available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-25-CR-
0002709-2012&dnh=z%2BEBG99Au9yjbeYXNXLqag%3D%3D (last visited April 22, 2022).

Cool filed a direct appeal from his judgment of sentence; the Pennsylvania Superior Court affirmed the judgment of sentence on November 14, 2014. *Commonwealth v. Cool*, 113 A.3d 349 (Pa. Super. 2014) (unpublished memorandum); ECF No. 13-3 at 58-69.   The Pennsylvania Supreme Court denied his petition for allowance of appeal on June 3, 2015. *Commonwealth v. Cool*, 117 A.3d 295 (Pa. 2015).

On May 26, 2016, Cool filed a petition for relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  The PCRA court dismissed the petition. The Pennsylvania Superior Court affirmed the order dismissing the petition but remanded for further proceedings. *Commonwealth v. Cool*, 181 A.3d 1266 (Pa. Super. 2017) (unpublished memorandum); ECF No. 13-4 at 53-66.  Those proceedings concluded on February 27, 2019, when the PCRA court granted the petition insofar as it vacated the registration requirements imposed on Cool pursuant to Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"). ECF No. 13-4 at 93.

On March 28, 2019, Cool filed a second PCRA petition.  ECF No. 13-4 at 96-117.  That petition was dismissed as untimely.  The Pennsylvania Superior Court affirmed the dismissal. *Commonwealth v. Cool*, 239 A.3d 61 (Pa. Super. 2020) (unpublished memorandum); ECF No. 13-4 at 184-189.

Cool filed a petition for a writ of habeas corpus in this Court on May 16, 2019.  ECF No. 1.  On May 29, 2019, this case was stayed pending conclusion of the PCRA proceedings pending in state court.  ECF No. 2.  This case was reopened on April 7, 2021, ECF No. 4, and Cool subsequently filed an amended petition, ECF No. 5, and supplement, ECF No. 5-1.  On July 28, 2021, Respondents, through the District Attorney of Erie County, filed a response.  ECF No. 13.

2

On November 16, 2021, Cool filed a traverse. ECF No. 22. The amended petition is ripe for disposition. ECF No. 13 at 6-8.

II.    Analysis

A.    Timeliness

As a preliminary matter, Respondents argue that the instant petition is untimely. ECF No. 13 at 6-8. The Court does not agree.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run        from the latest of –
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

3

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). *Caldwell v. Mahally, et al.*, 2019 WL 5741706, \*5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). *Id.* at \*6. Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id.* at \*8.

Nine of the eleven grounds for relief set forth in the instant petition are related to Cool's trial and sentence.[3] Thus, the "trigger date" for these claims is the date on which his judgment of sentence became final, pursuant to Section 2244(d)(1)(A). The parties do not dispute that Cool's judgment of sentence became final on September 1, 2015, at the expiration of time for him to seek review in the United States Supreme Court. ECF No. 13 at 7; ECF No. 22 at 3. Accordingly, Cool had to file any federal habeas petition concerning these claims by September 1, 2016.

However, Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding. Cool filed his first PCRA petition on May 26, 2016, by which time 268 days of his one-year limitations period had expired. Those proceedings were "properly filed," and, thus, tolled the statute of limitations until at least February 27, 2019.[4] At that time, Cool had 97 days remaining in the limitations period. Cool

---

[3] Grounds Ten and Eleven, related to the PCRA proceedings, are not cognizable in a federal habeas petition, as will be discussed *infra*. An evaluation of their timeliness is not relevant.

[4] Respondents assert that these PCRA proceedings concluded on October 17, 2018, when the Supreme Court of Pennsylvania denied Cool's petition for allowance of appeal from the Superior Court's decision to affirm the PCRA court's order. ECF No. 13 at 7. However, the Superior Court's decision also remanded the case to the PCRA court for further proceedings concerning SORNA registration requirements. As set forth above, those proceedings concluded on February 27, 2019, when the PCRA court granted the petition insofar as it vacated the registration requirements. ECF No. 13-4 at 93.

4

commenced the instant case by filing a petition in this Court on May 16, 2019.[5]  ECF No. 1.  That petition was signed on May 3, 2019.  *Id.*  Using either date, the petition was filed within the limitations period.

Accordingly, the petition and its trial-related claims are timely.

B.     Grounds for Relief

1.     Ground One:   Sufficiency of the evidence

Cool first asserts that the Commonwealth failed to present sufficient evidence to support his convictions of indecent assault, IDSI, and rape of a child because there was no proof that the victim was under the age of 13 and no proof of serious bodily injury (to support the IDSI conviction).  ECF No. 5 at 5.

a.     Age

Cool raised the age-related part of this claim in his direct appeal.  The Superior Court's analysis thereof was as follows:

> In his first claim, Cool argues that the evidence was insufficient to establish that J. was less than 13 years of age at the time of the abuse, a fact that was critical to his convictions of Indecent Assault—Person less than 13 years of age, Involuntary Deviate Sexual Intercourse with a Child, and Rape of a Child.  Cool claims that given that J.'s date of birth was July 3, 1984, J. presented conflicting testimony regarding his age when the abuse started and the house they were living in at that time.  Cool argues that, because J. testified that the first incident of abuse occurred

---

concluded on February 27, 2019, when the PCRA court granted the petition insofar as it vacated the registration requirements.  ECF No. 13-4 at 93.

[5]  Respondents assert that the relevant filing date is March 24, 2021, when Cool moved to reopen this case, ECF No. 13 at 8, thus disregarding the purpose and the effect of the stay entirely.  The practice of staying and abeying federal habeas cases is a development necessitated by the interaction of the one-year statute of limitations enacted by AEDPA and the pre-AEDPA rule set forth in *Rose v. Lundy*, 455 U.S. 509 (1981), that required that federal courts dismiss without prejudice habeas petitions that contain unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 275 (2005) ("As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.").  In *Rhines*, the Supreme Court held that in order to avoid predicaments that may arise in attempting to comply with AEDPA's statute of limitations while at the same time exhausting claims in state court, a state prisoner may file a "protective" habeas petition in federal court and ask the district court to stay and abey the federal habeas proceeding until state remedies are exhausted.  544 U.S. at 276-78.  That is precisely what occurred in this case.

after the family moved to their Cherry Street residence, and because J. would have been 12 years old at that time, and would have turned 13 while living in that residence, the Commonwealth failed to establish J.'s age as an element beyond a reasonable doubt.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Melvin***, 2014 PA Super 181, at *83 (Pa. Super. 2014) (citation omitted).

Under 18 Pa.C.S.A. § 3126(a)(7), Indecent Assault—Person less than 13 years of age is defined as follows:

> **(a) Offense defined.**—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

* * *

> (7) the complainant is *less than 13 years of age*

18 Pa.C.S.A. § 3126 (emphasis added).

Under 18 Pa.C.S.A. § 3123(b), Involuntary Deviate Sexual Intercourse with a Child is defined as follows:

**(b) Involuntary deviate sexual intercourse with a child.**—A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is *less than 13 years of age.*

18 Pa.C.S.A. § 3123 (emphasis added).

Under 18 Pa.C.S.A. § 3121(c), Rape of a Child is defined as follows:

**(c) Rape of a child.**—A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is *less than 13 years of age.*

18 Pa.C.S.A. § 3121 (emphasis added).

Upon our review of the record, we conclude that the evidence presented at trial was sufficient to establish that J. was less than 13 years of age when the assaults occurred. [J.'s mother] testified that she met Cool in 1993, at which time J. was 9 years old. *See* N.T., 7/16/13, at 4. J. testified that he was about 8 or 9 years old the first time Cool attempted to perform oral sex on him. N.T., 7/15/13, at 90; *see also id.* at 117 (wherein J. testified that he was first abused by Cool between the ages of 8 and 10). J. testified that the family was living in their Cherry Street residence at that time. *Id.* J. also testified that the family was living at that address during the one occasion that Cool attempted to perform anal sex on him. *Id.* at 94. However, [J.'s mother] testified that the family moved to their Cherry Street residence in early 1996, and that they lived there for several years. *See* N.T., 7/16/13, at 9-10, 14. Thus, J. would have been 12 years old at the time the family moved to that residence, and would have turned 13 while living at that residence. *See id.*

Initially, [J.'s mother's] testimony that the family moved to the Cherry Street residence in 1996 conflicts with J.'s testimony in regards to his age at the time of the first incident of abuse. *See* N.T., 7/15/13, at 90, 117. Further, additional evidence established that the abuse started before J. turned 13. Specifically, in regards to the occasion on which Cool attempted to engage in anal sex with J., J. testified that the incident occurred before Cool and [J.'s mother] were married, and before Cool adopted the children. *Id.* at 98. [J.'s mother] testified that she married Cool on March 15, 1997, and that J. was 12 years old at that time. N.T., 7/16/13, at 10-11. [She] also testified that Cool adopted the children later in 1997. *Id.* Thus, viewed in the light most favorable to the Commonwealth, the evidence presented at trial supports a finding by the jury that J. was under 13 years of age when the abuse began, and when Cool attempted to engage in anal sex with J. *See **Commonwealth v. Lyons***, 833 A.2d 245, 258 (Pa. Super. 2003) (concluding that inconsistency in testimony does not alone render evidence insufficient to support a verdict, and that uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses).

7

ECF No. 13-3 at 59-63 (citations to appellate brief omitted).

Because the state court reviewed this claim and rejected it on its merits, the following standard is applicable. Under AEDPA, if a state court rejects a claimed federal violation on the merits, to obtain habeas relief a petitioner must show that the ruling:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.§ 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004); *Thomas v. Horn*, 570 F.3d 105 (3d Cir. 2009).

An unreasonable application of federal law focuses on whether the state court unreasonably applied relevant United States Supreme Court holdings. *White v. Woodall*, 572 U.S. 415, 419-20 (2014). A petitioner must show an error so egregious "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011).

An unreasonable determination of the facts is one where the petitioner proves by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), that the conclusion drawn from the evidence by the state court is so improbable that it "blinks reality." *Miller-El v. Dretke*, 545 U.S. 231, 266 (2005). As long as reasonable minds might disagree about the correctness of a factual determination, a federal habeas court must defer to the state court's determination. *Rice v. Collins*, 546 U.S. 333, 341-42 (2006).

Cool presents no challenge whatsoever to the Superior Court's ruling, instead only baldly asserting that "the Commonwealth did not prove beyond a reasonable doubt nor present evidence

8

proving that the victim was under the age of 13 ...." ECF No. 5 at 5. This is not an appropriate basis for habeas relief and he is thus not entitled to any such relief thereupon.

b.      Serious bodily injury

Cool states that he raised this claim in his direct appeal. ECF No. 5 at 5. However, in that appeal, he raised only the first part of the claim, concerning age. ECF No. 13-3 at 59-60. Thus, the second part, concerning serious bodily injury is unexhausted.

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. This "exhaustion" requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Cristin v. Brennan*, 281 F.3d 404, 410 (3d Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A petitioner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c).

In order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b)); *O'Sullivan*, 526 U.S. at 848. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Court of Common Pleas and then the Superior Court either on direct or collateral appeal. *See Lambert*, 387 F.3d at 233-34.

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an *absence of available State corrective process.*'"

9

*McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)). In such cases, however, applicants are considered to have procedurally defaulted their claims, *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012) ("Procedural default occurs when a claim has not been fairly presented to the state courts . . . and there are no additional state remedies available to pursue . . . or, when an issue is properly asserted in the state system but not addressed on the merits because of an independent and adequate state procedural rule . . . .), and federal courts may not consider procedurally defaulted claims unless "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To show cause, a petitioner must demonstrate "some objective factor external to the defense" that prevented compliance with the state's procedural requirements. *Id.* at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime, *McCleskey v. Zant*, 499 U.S. 467, 494 (1991), by presenting new evidence of innocence. *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

To the extent that Cool is now time-barred from raising this claim in state court, the exhaustion requirement is excused; however, the claim is procedurally defaulted. *See, e.g., Lines*, 208 F.3d at 162-66. Cool has demonstrated neither cause and prejudice nor a fundamental miscarriage of justice that would excuse the procedural default of this claim. Therefore, the claim is not subject to federal habeas review.

### 2.    Ground Two: Illegal sentence

In Ground Two, Cool asserts that the Commonwealth filed a notice of intent to seek a mandatory minimum sentence for Cool, but the trial court did not impose that mandatory minimum sentence, which it was bound to do pursuant to 42 Pa.C.S.A. § 9718. ECF No. 5 at 7. Cool states

10

that he raised this issue in his first PCRA petition and the appeal from the denial thereof, *id.*; however, the only related claim he raised in his PCRA appeal was a claim that his sentencing and appellate counsel were ineffective for failing to challenge the imposition of the mandatory minimum sentence. ECF No. 13-4 at 61-62. Thus, it does not appear that this claim was exhausted and thus it is likely procedurally defaulted.

However, because the Court can avoid the issue of procedural default altogether and simply review the claim at issue *de novo* and deny it on that basis, the Court will do so here. *Lambrex v. Singletary*, 520 U.S. 518, 525 (1997) (the court may avoid the more complex issue of procedural default and evaluate the claim on the merits if it is more efficient to do so). Insofar as Cool is claiming that his sentence is illegal because the sentencing court imposed a greater minimum sentence than that required under 42 Pa.C.S.A. § 9718,[6] that argument has no merit. The statute only prohibits the sentencing court from imposing lesser sentences; it does not prevent the sentencing court from imposing a sentence greater than that provided therein. 42 Pa.C.S.A. § 9718(d). Cool is not entitled to relief on this claim.

3.      Ground Three: Statutes of limitations

Cool next argues that the statutes of limitations on three of the counts brought against him expired before he was charged. ECF No. 5 at 8-10. Specifically, Cool asserts that Counts 1, 2, and 3, concerning J., had to be brought prior to J.'s 20th birthday, which was in 2004; the charges were brought in 2012. *Id.* Cool asserts that he raised this claim in his PCRA petition, *id.*; however, he did not. He raised a related claim of ineffective assistance of counsel for failing to raise a

---

[6] The notice filed by the Commonwealth set forth its intent to seek mandatory minimum sentences of five years' imprisonment each for four of the counts against Cool. ECF No. 13-2 at 122. At those counts, Cool received minimum sentences of 66 months' imprisonment each. *Id.* at 146-147.

statute-of-limitations defense, ECF No. 13-3 at 86, but he did not raise the distinct substantive claim that he raises here.

Exhaustion of an ineffectiveness claim does not constitute exhaustion of the substantive claim underlying the ineffectiveness claim. *Willis v. Vaughn*, 48 Fed. Appx. 402, 406 (3d Cir. 2002). Thus, the instant claim is unexhausted. To the extent that Cool is now time-barred from raising this claim in state court, the exhaustion requirement is excused; however, the claim is procedurally defaulted. *See, e.g., Lines*, 208 F.3d at 162-66. Cool has demonstrated neither cause and prejudice nor a fundamental miscarriage of justice that would excuse the procedural default of this claim. Therefore, the claim is not subject to federal habeas review.

4.      Ground Four:   Subject matter jurisdiction

In Ground Four, Cool asserts that the Erie Police Department lacked "subject matter jurisdiction" over several of the locations of the criminal activity. ECF No. 5 at 10-11. The locations are not specified. This claim fails for multiple reasons, the simplest reason of which is that this claim is procedurally defaulted.

Cool did not raise this claim in state court. He states that he raised in the appeal from his first PCRA petition; however, that claim was one of ineffective assistance of counsel for failure to raise this claim. ECF No. 13-4 at 57. As set forth above, exhaustion of the ineffectiveness claim would not mean exhaustion of this claim. In any event, the Superior Court found the ineffectiveness claim to be waived because it was improperly raised for the first time on appeal. *Id.* n.5 (citing Pa.R.A.P 302(a)). Cool raised a similar ineffectiveness claim in his second PCRA petition. *Id.* at 106-07. That petition was determined by the state courts to be untimely. *Id.* at 126; 184-89 (citing 42 Pa.C.S.A. § 9545(b)). Because Cool failed to raise this claim in the state courts, and/or failed to comply with state procedural rules which resulted in the state courts

12

declining to address this claim on its merits, it is procedurally defaulted. Cool has demonstrated neither cause and prejudice nor a fundamental miscarriage of justice that would excuse the procedural default of this claim. Therefore, the claim is not subject to federal habeas review.

5.    Ground Five:   Pre-trial prosecutorial misconduct

In this claim, Cool asserts that the district attorney improperly assisted a witness in constructing a timeline for the criminal acts. ECF No. 5-1 at 1-3. Cool states that he raised this claim in his appeal from the denial of his first PCRA petition. *Id.* He did not. ECF No. 13-4 at 56-57 (appellate opinion listing issues presented to Superior Court on appeal).

Because this claim was not presented to the state courts, it is unexhausted. To the extent that Cool is now time-barred from raising this claim in state court, the exhaustion requirement is excused; however, the claim is procedurally defaulted. *See, e.g., Lines*, 208 F.3d at 162-66. Cool has demonstrated neither cause and prejudice nor a fundamental miscarriage of justice that would excuse the procedural default of this claim. Therefore, the claim is not subject to federal habeas review.

6.    Ground Six:   Conflict of interest with trial counsel

Cool next argues that his trial counsel had a conflict of interest because counsel also represented the Erie County Office of Children and Youth, from which Cool sought records concerning the victims in his criminal case. ECF No. 5-1 at 3-5. Cool states that he raised this claim in his appeal from the denial of his first PCRA petition. *Id.* He did not. ECF No. 13-4 at 56-57 (appellate opinion listing issues presented to Superior Court on appeal).

Because this claim was not presented to the state courts, it is unexhausted. To the extent that Cool is now time-barred from raising this claim in state court, the exhaustion requirement is excused; however, the claim is procedurally defaulted. *See, e.g., Lines*, 208 F.3d at 162-66. Cool

has demonstrated neither cause and prejudice nor a fundamental miscarriage of justice that would excuse the procedural default of this claim. Therefore, the claim is not subject to federal habeas review.

7.    Ground Seven:  Conflict of interest with trial court

Cool next argues that the trial court had a conflict of interest because it presided over the adoption of the victims in this case by Cool. ECF No. 5-1 at 5-6. Cool states that he raised this claim in his appeal from the denial of his first PCRA petition. *Id.* He did not. ECF No. 13-4 at 56-57 (appellate opinion listing issues presented to Superior Court on appeal).

Because this claim was not presented to the state courts, it is unexhausted. To the extent that Cool is now time-barred from raising this claim in state court, the exhaustion requirement is excused; however, the claim is procedurally defaulted. *See, e.g., Lines*, 208 F.3d at 162-66. Cool has demonstrated neither cause and prejudice nor a fundamental miscarriage of justice that would excuse the procedural default of this claim. Therefore, the claim is not subject to federal habeas review.

8.    Ground Eight:   Ineffectiveness of trial counsel for failing to fully explain<br>plea offer

Cool next claims that his trial counsel failed "to fully explain plea offer." ECF No. 5-1 at 6-8. Specifically, Cool asserts:

> Trial counsel told Petitioner that the District Attorney would offer a plea deal of no less than ten years and never explained why a plea deal may be one of the Petitioner[']s options or that the Petitioner could be facing a very long prison sentence if convicted at trial. Trial counsel never presented a valid offer from the District Attorney, but only said to the Petitioner "I've got this!" (meaning Trial Counsel was in control of the situation)

*Id.* at 6-7.

14

As with Grounds Five, Six, and Seven, Cool states that he raised this claim in his appeal from the denial of his first PCRA petition, but he did not. Because this claim was not presented to the state courts, it is unexhausted. To the extent that Cool is now time-barred from raising this claim in state court, the exhaustion requirement is excused; however, the claim is procedurally defaulted. *See, e.g., Lines*, 208 F.3d at 162-66. To the extent that Cool's assertions concerning his failed attempts to communicate with PCRA counsel, *id.* at 7; ECF No. 22 at 4, can be generously construed to be an attempt to argue that PCRA counsel's failure to raise this claim excuses the default, the Court will briefly address that point.

Generally, because there is no federal constitutional right to counsel in a PCRA proceeding, a petitioner cannot rely on PCRA counsel's ineffectiveness to establish the "cause" necessary to overcome the procedural default of a federal habeas claim. *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017). In *Martinez v. Ryan*, 566 U.S. 1 (2012), however, the Supreme Court announced a narrow, but significant, exception to this rule. In relevant part, it held that in states like Pennsylvania, where the law requires that claims of ineffective assistance of trial counsel be raised for the first time in a collateral proceeding, a petitioner may overcome the default of a claim of trial counsel's ineffectiveness if the petitioner demonstrates: (1) the defaulted claim of trial counsel's ineffectiveness is "substantial" and (2) PCRA counsel was ineffective within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984) for failing to raise that claim in the initial review collateral proceeding. *Martinez*, 566 U.S. at 17.

Here, Cool has failed to meet the first requirement. The claim concerning trial counsel does not indicate that a valid plea offer from the District Attorney ever existed.[7] Trial counsel

---

[7] The Court notes that, in their response to the instant petition, Respondents pointed out that this claim was unsubstantiated by any supporting facts, including the existence of a plea offer. ECF No. 13 at 18-19. In his responsive pleading, ECF No. 22, Cool did not provide additional information.

could not be ineffective for failing to explain a non-existent offer to Cool. Accordingly, Cool has failed to demonstrate that the defaulted claim of trial counsel's ineffectiveness is substantial. Therefore, the procedural default of this claim is not excused, and the claim is not subject to federal habeas review.

        9.      Ground Nine:  Ineffectiveness of trial counsel in failing to call key witness

Cool next claims that his trial counsel was ineffective for failing to call Detective Conway at trial to contradict the testimony of the victims. ECF No. 5-1 at 8-10.

Again, Cool states that he raised this claim in his appeal from the denial of his first PCRA petition, but he did not. Because this claim was not presented to the state courts, it is unexhausted. To the extent that Cool is now time-barred from raising this claim in state court, the exhaustion requirement is excused; however, the claim is procedurally defaulted. *See, e.g., Lines*, 208 F.3d at 162-66. This claim is procedurally defaulted. To the extent that Cool's assertions concerning his failed attempts to communicate with PCRA counsel, *id.* at 8-9; ECF No. 22 at 4, can be generously construed to be an attempt to argue that PCRA counsel's failure to raise this claim excuses the default, the Court will briefly address that point.

As he did with the previous claim, Cool has failed to meet the first requirement of *Martinez*. He offers no facts to support this claim whatsoever.[8] He baldly asserts that the victims "dramatically changed their sworn statements they gave to the Police at the beginning of the proceedings," ECF No. 5-1 at 8, but he does not provide a single example of any such change, nor does he set forth any reason that Detective Conway's testimony was necessary to introduce the contradictory statements of the victims. Thus, the procedural default of this claim is not excused

---

[8] The Court notes that, in their response to the instant petition, Respondents pointed out that this claim was unsubstantiated by any supporting facts. ECF No. 13 at 18. In his responsive pleading, ECF No. 22, Cool did not provide additional information.

because Cool has failed to demonstrate that the defaulted claim of trial counsel's ineffectiveness is substantial. Therefore, the claim is not subject to federal habeas review.

          10.     Grounds Ten and Eleven:     Ineffective assistance of PCRA counsel

In his final two grounds, Cool asserts that his appointed PCRA counsel was ineffective in the manner in which he proceeded in the PCRA proceedings, specifically in filing a "no merit" letter with the PCRA court and in failing to advise Cool of his option to proceed *pro se* in the PCRA court. ECF No. 5-1 at 10-14.

These claims are not cognizable in a federal habeas petition. Cool did not have a federal constitutional right to counsel during his PCRA proceeding, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); therefore, he cannot receive habeas relief on a stand-alone claim that his PCRA counsel was ineffective. This concept is codified by statute at 28 U.S.C. § 2254(i), which expressly provides that "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254." *See also Coleman*, 501 U.S. at 752-53 ("There is no constitutional right to an attorney in state post-conviction proceedings .... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.")

Accordingly, these claims are denied.

C.     Conclusion

For the foregoing reasons, the petition will be denied.

III.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a

circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Applying those standards here, jurists of reason would not find it debatable whether Cool's claims should be denied for the reasons given herein. Accordingly, no certificate of appealability should issue.

An appropriate Order will follow.

Dated: May 10, 2022

RICHARD A. LANZILLO
United States Magistrate Judge